Ian McIntosh
Rebecca Dunnan
CROWLEY FLECK PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430
imcintosh@crowleyfleck.com
rdunnan@crowleyfleck.com

*Attorneys for Leah Pagnozzi*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>LEAH PAGNOZZI,<br><br>Defendant. | CASE NO.: 6:26-CV-14-H-TJC<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

Defendant Leah Pagnozzi ("Ms. Pagnozzi"), by and through counsel of record, Crowley Fleck, PLLP, responds to Plaintiff's Complaint as follows:

1. The allegations in paragraph 1 are introductory in nature or legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the same.

3. Ms. Pagnozzi admits that she is a citizen and resident of Montana. The remaining allegations in paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in paragraph 4 are introductory in nature or legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations in paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. Ms. Pagnozzi admits that she observed Plaintiff at an event in the Chicago, Illinois area from March 2-3, 2024.

8. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 8, and therefore denies the same. Denies all remaining allegations in paragraph 8.

9. Ms. Pagnozzi admits that she attended an event in the Chicago, Illinois area with Plaintiff and that at some point between March 2-3, 2024, Ms.

Pagnozzi and Plaintiff discussed cryptocurrency. Denies all remaining allegations in paragraph 9.

10. Ms. Pagnozzi admits that she sent a text message to Plaintiff that read “I own a massive DeFi company.” Denies all remaining allegations in paragraph 10.

11. Denies the allegations in paragraph 11.

12. Denies the allegations in paragraph 12.

13. Ms. Pagnozzi admits that 5,000,000 ZynCoin tokens were transferred to her cryptocurrency wallet. Denies all remaining allegations in paragraph 13.

14. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the same.

15. Ms. Pagnozzi admits that the transfer was executed through the Ethereum blockchain network. Lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies the same.

16. Denies the allegations in paragraph 16.

17. Admits the allegations in paragraph 17.

18. Ms. Pagnozzi admits that she sent a text message to Plaintiff on March 7, 2024 that read “I’ll always always send it back” if he, in part, did not

want to proceed with the joint real estate venture. Denies all remaining allegations in paragraph 18.

19. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

20. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 20, and therefore denies the same.

21. Ms. Pagnozzi admits that no real estate fund was created, no properties were acquired, and no investment steps were taken. Denies all remaining allegations in paragraph 21.

22. Ms. Pagnozzi admits that between March 20-21, 2024, she executed eight separate transfers totaling 695,500 ZynCoin tokens through the UniSwap decentralized exchange. Denies all remaining allegations in paragraph 22.

23. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 23, and therefore denies the same.

24. Admits the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Admits the allegations in paragraph 26.

27. Ms. Pagnozzi admits that she told Plaintiff she underwent anesthesia. Denies all remaining allegations in paragraph 27.

28. Denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. Ms. Pagnozzi admits that the blockchain evidence indicates that on March 20-21, 2024, she transferred 695,500 ZynCoin tokens. Denies all remaining allegations in paragraph 30.

31. Ms. Pagnozzi admits that on March 20-21, 2024, she deliberately transferred 695,500 ZynCoin tokens. Denies all remaining allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Ms. Pagnozzi admits that on October 14, 2024, she sent a text to Plaintiff stating "I still have a bag of Zyn that I pretty much haven't touched." Denies all remaining allegations in paragraph 34.

35. Ms. Pagnozzi admits that on January 11, 2025, she told Plaintiff that she still possessed ZynCoin tokens. Denies all remaining allegations in paragraph 34.

36. Ms. Pagnozzi admits that on November 5, 2024, she testified, in part, that tokens had been "returned to him and hacked." Denies all remaining allegations in paragraph 36.

37. Denies the allegations in paragraph 37.

38. Ms. Pagnozzi admits that she did not transfer ZynCoin tokens to Plaintiff's wallet address. Denies all remaining allegations in paragraph 38.

39. Denies the allegations in paragraph 39.

40. Ms. Pagnozzi admits that on September 15, 2025, Plaintiff demanded $125,000 from Ms. Pagnozzi. Denies all remaining allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

## Count 1 – Conversion

45. Restates the responses to the preceding paragraphs.

46. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 46, and therefore denies the same.

47. Ms. Pagnozzi admits that 5,000,000 ZynCoin tokens were transferred to her cryptocurrency wallet. Denies all remaining allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Ms. Pagnozzi admits that on March 7, 2024 she transferred 110,000 ZynCoin tokens to an external cryptocurrency wallet and that on March 20-21, 2024, she transferred 695,500 ZynCoin tokens. Denies all remaining allegations in paragraph 49.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. The allegations in paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

54. Denies the allegations in paragraph 54.

**Count 2 – Fraud/Misrepresentation**

55. Restates the responses to the preceding paragraphs.

56. Denies the allegations in paragraph 56.

57. Ms. Pagnozzi admits that no real estate fund was created, no operating agreement was executed, and no investment steps were taken. Denies all remaining allegations in paragraph 57.

58. The allegations in paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

59. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 59, and therefore denies the same.

60. Denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. Denies the allegations in paragraph 63.

64. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 64, and therefore denies the same.

65. The allegations in paragraph 65 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

66. Denies the allegations in paragraph 66.

67. Denies the allegations in paragraph 67.

**Count 3 – Unjust Enrichment**

68. Restates the responses to the preceding paragraphs.

69. Ms. Pagnozzi admits that 5,000,000 ZynCoin tokens were transferred to her cryptocurrency wallet. Denies all remaining allegations in paragraph 69.

70. The allegations in paragraph 70 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

71. The allegations in paragraph 71 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

72. Denies the allegations in paragraph 72.

**Count 4 – Breach of Fiduciary Duty**

73. Restates the response to the preceding paragraphs.

74. Denies the allegations in paragraph 73.

75. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 75, and therefore denies the same.

76. Ms. Pagnozzi admits that she received 5,000,000 ZynCoin, that she owned a decentralized finance company, that she discussed the possibility of a joint real estate investment venture with Plaintiff, and that she offered to return the tokens. Denies all remaining allegations in paragraph 76.

77. The allegations in paragraph 77 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

78. The allegations in paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

79. Denies the allegations in paragraph 79.

80. Denies the allegations in paragraph 80.

81. Denies the allegations in paragraph 81.

**Count 5 – Negligence**

82. Restates the responses to the preceding paragraphs.

83. The allegations in paragraph 83 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

84. Denies the allegations in paragraph 84.

85. Denies the allegations in paragraph 85.

86. Denies the allegations in paragraph 86.

## AFFIRMATIVE DEFENSES

1. Denies each and every allegation not expressly admitted.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are refuted by the blockchain's own permanent and immutable public ledger, which conclusively contradicts material allegations in his Complaint.

4. Plaintiff's claims lack merit, because Plaintiff conflates two separate and distinct sets of transactions, each immutably and independently recorded on the blockchain.

5. Plaintiff cannot establish a legal interest in the cryptocurrency wallet address at issue because blockchain transactions are pseudonymous by nature and wallet addresses are not inherently tied to any individual's identity.

6. Plaintiff cannot establish that any specific tokens belonging to Plaintiff were disposed of by Ms. Pagnozzi. The tokens at issue are fungible in that they are identical and interchangeable by their very nature, and Plaintiff cannot trace or distinguish any particular ZynCoin token as uniquely his or link any specific token to Ms. Pagnozzi's conduct.

7. Plaintiff's claims are barred by the applicable statutes of limitation.

8. The claims in Plaintiff's Complaint are barred by waiver, estoppel, laches, license, and/or unclean hands.

9. Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.

10. Plaintiff's claims are barred because Ms. Pagnozzi did not exercise unauthorized dominion or control over Plaintiff's property.

11. Plaintiff's claims are barred by consent, authorization, ratification, acquiescence, payment, satisfaction, setoff, recoupment, credit, and/or other justification.

12. Plaintiff's claims fail because he has not pleaded fraud with the particularity required by Rule 9(b).

13. Plaintiff's claims are barred because he cannot establish an actionable false representation or omission of material fact.

14. In the alternative, Plaintiff's claims are barred because any alleged statements, unless expressly denied, were true, mere opinion, prediction, forward-looking, puffery, and/or otherwise non-actionable.

15. Plaintiff's claims are barred, if any, by his own negligence pursuant to Montana Code Annotated § 27-1-702.

16. Plaintiff's damages, if any, are barred, or must be reduced, by his failure to mitigate those damages.

17. Plaintiff's claims for damages are barred or reduced because Plaintiff suffered no legally recoverable damages, and any alleged damages are speculative, remote, or unsupported.

18. Plaintiff is not entitled to interest on alleged damages, costs, and/or attorney fees.

19. Plaintiff is not entitled to restitution, disgorgement, or other relief, if such relief is subsequently asserted.

20. Plaintiff cannot meet the requirements for punitive damages if any claim for punitive damages is subsequently asserted.

21. Plaintiff cannot meet the requirements for injunctive, declaratory, or any other form of equitable relief if any claim for injunctive, declaratory, or any other form of equitable relief is subsequently asserted.

**AVAILABILITY OF DEFENSES**

Ms. Pagnozzi asserts the foregoing defenses in order to avoid the potential waiver of such defenses. Ms. Pagnozzi expressly reserves the right to assert additional defenses, or to amend, supplement, or withdraw existing defenses as appropriate during the course of discovery in this action.

**JURY DEMAND**

Ms. Pagnozzi requests a trial by jury on all pertinent claims and issues.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Leah Pagnozzi prays for the following relief:

1. That Plaintiffs' Complaint be dismissed with prejudice, and Plaintiff takes nothing by way of his Complaint;

2. That the Court enter judgment in Ms. Pagnozzi's favor and against Plaintiff on all claims;

3. For Ms. Pagnozzi's costs, expenses and attorney fees; and

4. For any such other and further relief that the Court may deem proper.

DATED this 7th Day of May, 2026.

CROWLEY FLECK PLLP

By: *<u>/s/ Rebecca Dunnan</u>*
Ian McIntosh
Rebecca Dunnan

*Attorneys for Leah Pagnozzi*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served upon the following counsel of record, by the means designated below, this 7th day of May, 2026.

| | |
|---|---|
| [ ] U.S. Mail | Geoffrey C. Angel |
| [ ] FedEx | ANGEL LAW FIRM |
| [ ] Hand-Delivery | 803 West Babcock |
| [ x ] E-File | Bozeman, Montana 59715 |
| [ ] Email | christianangel@hotmail.com |
| | *Attorney for Plaintiff* |

CROWLEY FLECK PLLP

*/s/ Rebecca Dunnan*
Rebecca Dunnan