**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| JAMES WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>LEAH PAGNOZZI,<br><br>Defendant. | CV-26-14-H-WWM<br><br>SCHEDULING ORDER |

The Court convened a preliminary pretrial conference in this case on July 6, 2026. After discussing the case with the parties, **IT IS HEREBY ORDERED:**

**1.** The following schedule will govern all further pretrial proceedings:

| | |
|---|---|
| Deadline for Amending Pleadings and Joining Parties:[1] | July 24, 2026 |
| Deadline for Disclosure of Plaintiff's Experts (with Rule 26(a)(2) reports): | September 25, 2026 |
| Deadline for Disclosure of Defendant's Experts (with Rule 26(a)(2) reports): | October 25, 2026 |
| Discovery Deadline: | February 12, 2027 |
| Motions Deadline[2]: | March 8, 2027 |
| Motions In Limine Deadline: | June 4, 2027 |

[1] Parties are not required to seek leave of the Court to amend pleadings or join parties prior to this deadline.

[2] This deadline is for motions and briefs filed pursuant to Local Rule 7.1(d)(1)(A). Response and Reply briefs shall be filed in compliance with the timeframes established in Local Rule 7.1(d)(1)(B).

| | |
|---|---|
| Deadline for Attorney Conference to Prepare Final Pretrial Order: | July 20, 2027 |
| Deadline to E-file Final Pretrial Order, Proposed Jury Instructions, Proposed Voir Dire Questions, and Trial Briefs <u>and</u> e-mail same to wwm_propord@mtd.uscourts.gov: | July 23, 2027 |
| Deadline for Notice to Court Reporter of Intent to Use Real-Time: | July 23, 2027 |
| Deadline for Notice to I.T. Supervisor of Intent to Use CD-ROM or Videoconferencing: | July 23, 2027 |
| Final Pretrial Conference: | July 30, 2027, at 1:00 p.m.<br>Russell Smith Courthouse<br>Missoula, Montana |
| Trial: | August 9, 2027, at 9:00 a.m.<br>Paul G. Hatfield Courthouse<br>Helena, Montana |

The parties may stipulate to the extension of any of the above deadlines relating to discovery and the disclosure of experts without a court order. However, parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court. Such motions will not be granted absent compelling reasons, which may not include delay attributable to the parties' stipulated extensions.

**IT IS FURTHER ORDERED:**

2. **Local Rules and Electronic Filing**. Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2025, and apply in all cases pending when changes become effective. In addition, all counsel shall take steps to register in the Court's electronic filing system ("CM-ECF"). All counsel must show cause if they are not filing electronically. Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. *See also* L.R. 1.4.

3. **Stipulations**. Pursuant to Federal Rule Civil Procedure 16(c)(2)(C), the following facts are admitted and agreed upon:

a. James Wright is a citizen and resident of the State of Wyoming.

b. Leah Pagnozzi is a citizen and resident of the State of Montana, specifically, Gallatin County.

c. The amount in controversy exceeds $75,000.

d. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship and the amount in controversy.

e. Venue is proper in the Helena Division of the United State District Court for the District of Montana.

f. On March 2–3, 2024, Wright and Pagnozzi attended an event in Chicago Illinois.

g. During the event, Pagnozzi and Wright discussed cryptocurrency.

**4. Cooperation and Proportionality**. The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. Discovery shall be proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1).

**5. Discovery Exhibits**. The parties are encouraged to use a consistent numbering system for all documents produced and used during discovery, and to use this same numbering system, to the extent possible, for the same documents listed as trial exhibits in the pretrial order. The parties are further encouraged to use a numbering system that is consistent with the requirements of the District of Montana's digital Jury Evidence Recording System ("JERS"), as described in the JERS paragraph of this Order.

**6. Foundation and Authenticity of Discovery Items**. Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery. However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific

objection to opposing counsel, in writing, prior to the deadline for the close of discovery. If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production. This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial. All other objections are reserved for trial.

**7. Supplementation of Discovery Responses**. The parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation. Fed. R. Civ. P. 26(e)

**8. Discovery Motions.** Unresolved discovery disputes must be presented to the Court for resolution promptly. Before filing a discovery motion, the parties shall file a joint motion for an informal discovery status conference, requesting that the Court conduct a telephonic conference for the purpose of discussing the discovery dispute. Although not required, the parties may file up to four pages, double spaced, in a joint submission to the Court that summarizes the details of the discovery dispute. If the parties cannot agree on the content of the submission, each party may file their own summary which may be no more than two pages, double spaced. Discovery motions should be filed only if the discovery dispute remains unresolved following the telephone conference.

Prior to filing a motion to compel discovery, counsel must advise the client that the losing party will pay the opposing party's associated fees and costs. *See* Federal Rule of Civil Procedure 37(a)(5). Counsel must certify its compliance with this requirement in the motion. In addition, at the time the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

**9. Expert Disclosure**.

(a) Retained or Specially Employed

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. Expert reports must satisfy the specific requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be filed in the form of a motion within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. Objections related to expert witnesses or testimony on any grounds other than the timeliness or sufficiency of a Rule 26(a)(2)(B) report are appropriately raised through motions in limine submitted by the date set forth in

paragraph 1 and need not be raised within this 14-day window. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.

(b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

(i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

**10. Rebuttal Experts**. Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

**11. Supplementation of Incomplete or Incorrect Expert Reports**. Supplemental disclosures by a witness who is retained or specially employed to

provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is incomplete or incorrect, must be disclosed no later than ninety days before the date set for trial set forth in paragraph 1.

**12. Non-Disclosure of Certain Information.** If the parties can reach an agreement concerning the use of certain confidential, financial, and commercial information there is no need to seek a protective order from this Court. Therefore, if the parties have a signed stipulation to prohibit disclosure of certain information, unless a party can show that the agreement is insufficient to protect their interests, no order of this Court will be forthcoming concerning a protective order.

Any party wishing to file any document under seal must make the appropriate showing of good cause or compelling reasons as delineated in *Ground Zero Center for Non-Violent Action v. United States Department of the Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) (requiring a showing of compelling reasons to seal documents attached to dispositive motions and other filings relating to the merits of a case) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (requiring only a showing of good cause to seal documents related to a non-dispositive motion or a motion unrelated to the merits of a case).

**13. Unopposed Motions.** Unopposed motions shall be accompanied by a proposed order, separate from the motion. The proposed order shall be a Word document with 14-point Times New Roman font, and it may not include code or formatting in the case caption. The proposed order shall be e-filed under the heading "Text of Proposed Order" and e-mailed to wwm_propord@mtd.uscourts.gov. Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

**14. Number of Jurors and Length of Trial**. Trial of this case shall be conducted before a jury of seven persons. Local Civil Rule 47.2(b) shall govern peremptory challenges made by the parties. The parties expect the trial to last not more than five days.

**15. Attorney Conference for Trial Preparation**. If the case does not settle, counsel for the Plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in Local Rule 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)-(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's

witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. *See generally* Forms D, E, and F, Local Rules Appendix C.

**16. Trial Exhibits**.

(a) Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference. Counsel must provide to the Court three binders of paper copies of the exhibits at the time of the Final Pretrial Conference, and also to opposing counsel, if requested. The binders must bear an extended tab showing the number of the exhibit. An electronic copy of the exhibits shall be provided to the Court's courtroom deputy at the time of the Final Pretrial Conference in a format compatible with JERS as provided in the JERS paragraph of this Order.

(b) Each exhibit must show the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c) Exhibits shall be numbered in a manner that is consistent with the Discovery Exhibits paragraph of this Order. The parties shall not use the same

range of exhibit numbers. Exhibits shall not be duplicated. An exhibit may be used by either of the parties.

**17. Jury Evidence Recording System (JERS)**. JERS allows jurors to electronically view the evidence admitted at trial in the jury room during their deliberations. Parties must submit their exhibits for JERS in proper form to the Clerk's office as noted in the Trial Exhibits paragraph. The courtroom deputy is responsible for adding exhibits to JERS during trial and will coordinate with the parties at the conclusion of trial to ensure admitted exhibits have been properly entered into the JERS system. Detailed information about JERS, including the proper naming convention and form of exhibits, is found on the Court's website at http://www.mtd.uscourts.gov/ under the heading "Attorneys." JERS is NOT designed to present evidence in the courtroom. Counsel are responsible for presenting exhibits during trial.

**18. Use of Video Depositions**. Any party intending to use videotaped depositions must comply with the following rules:

(a) All videos shall be edited to include only the pertinent portions; and

(b) An objection raised with respect to any portion of the video through a motion in limine or otherwise in a fully-briefed motion must be ruled

on no later than the final pretrial conference or the objection will be waived for trial.

19. **Final Pretrial Order**. The parties must file the proposed Final Pretrial Order as outlined in Local Civil Rule 16.4(f) and e-mail a copy in Word format to wwm_propord@mtd.uscourts.gov. Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown. Expert reports, if not already filed, must be submitted at the same time as the Final Pretrial Order.

20. **Final Pretrial Conference**. Counsel for the parties shall appear before the Court in Chambers in Missoula for the final pretrial conference on the date and time set forth in paragraph 1. As noted in the Trial Exhibits paragraph, each party should bring the undersigned a copy of its trial exhibits if a copy has not already been delivered to Chambers. Parties should be prepared to argue any motions in limine unless the Court has already ruled.

21. **Advance Notice Requirement for Real-Time Reporting**. On the date specified in paragraph 1, any party intending to use Real-Time reporting must notify the Court Reporter, who may be reached on (406) 829-7123.

22. **Trial Briefs**. Trial briefs must be filed by the date indicated in paragraph 1. At a minimum, they shall include briefing on anticipated evidentiary challenges.

They also must disclose information about witnesses the party intends to call, including: a short summary of the nature and substance of the testimony of each witness; and a list of the exhibits to be used per witness;

**23. Jury Instructions.**

(a) The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions). If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. No two instructions shall be submitted with the same number. The parties shall also prepare an agreed upon verdict form with the instructions. If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

(b) Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form: By the date set forth in paragraph 1, Plaintiff's counsel shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents in Word format to wwm_propord@mtd.uscourts.gov.

(c) Filing of Supplemental Proposed Jury Instructions and Separate Verdict Forms: By the date set forth in paragraph 1, each party shall (1) file one

working copy of its supplemental proposed Jury Instructions, if any, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents in Word format to wwm_propord@mtd.uscourts.gov.

**24. Format of Jury Instructions.**

In the following order, each proposed jury instruction shall contain:

(1) a heading reading "Instruction No. ____",

(2) the text of the instruction,

(3) the number of the proposed instruction,

(4) the legal authority for the instruction, and

(5) the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

(a) Jury instructions shall be prepared in 14-point Times New Roman font.

**25. Settling of Instructions**. The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**26. *Voir Dire* Questions**. The undersigned will ask questions of the prospective jurors in *voir dire*. Counsel for the parties may be allowed to ask questions as well, which will be resolved at the time of the final pretrial conference. Counsel

for the parties shall file proposed *voir dire* questions by the deadline in paragraph 1. Counsel shall also e-mail the proposed questions in Word format to wwm_propord@mtd.uscourts.gov.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 10th day of July, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE